UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ST. MICHAEL'S MEDICAL CENTER, et al.,)
)
       Plaintiffs, )
)
v. )   Civil No. 07-1484 (EGS)
)
MICHAEL O. LEAVITT, Secretary of )   ECF
   Health and Human Services, )
)
       Defendant. )
)

## ANSWER

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"), by and through his undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant answers the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

First Unnumbered Paragraph. This paragraph contains Plaintiffs' characterization of their action to which no response is required.

1. This paragraph contains a conclusion of law to which no response is required.

2. Admits that the PRRB issued a notice in this matter on July 16, 2007. The remainder of this paragraph contains conclusions of law to which no response is required.

3. This paragraph contains a conclusion of law to which no response is required.

4-5. Admits.

6. This paragraph contains Plaintiffs' characterization of their action to which no response is required.

7-8. Admits.

9. Admits the first sentence. The second sentence contains Plaintiffs' characterization of 42 U.S.C. § 1395ww(d)(3)(E), which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a complete and accurate statement of its contents. The third sentence contains a conclusion of law to which no response is required. Denies the fourth sentence. By way of further answer, the regulations addressing the use of Metropolitan Statistical Areas ("MSAs") for wage index purposes for the year at issue appear at 42 C.F.R. §§ 412.62(f), 412.63(b).

10. This paragraph contains Plaintiffs' characterization of the Medicare statute and regulations, which speak for themselves. Defendant denies any such characterization and respectfully refers the Court to the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

11. Denies, except to admit that, for wage index purposes, the data used to construct the wage index for a particular Federal fiscal year comes from hospitals' cost reports for cost reporting periods beginning in the fiscal year four years before that particular fiscal year.

12. The first sentence contains Plaintiffs' characterization of the basis for Congressional action, to which no response is required. The remainder of this paragraph contains Plaintiffs' characterization of the Medicare statute and regulations, which speak for themselves. Defendant denies any such characterization and respectfully refers the Court to the cited provisions of the

statute and regulations for a complete and accurate statement of their contents.

13. The first two sentences contain Plaintiffs' characterization of the Medicare statute, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a complete and accurate statement of its contents. Denies the third and fourth sentences.

14. This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited provisions of the statute for a complete and accurate statement of its contents.

15. Admits the third sentence. The remainder of this paragraph contains Plaintiffs' characterization of their action and conclusions of law to which no response is required.

16. The first sentence contains Plaintiffs' characterization of their action to which no response is required. Denies the second sentence, except to admit that the Providers are all PPS urban hospitals. The third sentence contains Plaintiffs' characterization of the Medicare statute regarding reclassification, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the relevant section of the statute, 42 U.S.C. § 1395ww(d), for a complete and accurate statement of its contents.

17-18. Denies.

19. This paragraph contains Plaintiffs' characterization of a Federal Register publication, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited Federal Register for a complete and accurate statement of its contents.

20. Denies the first sentence. The second and third sentences contain conclusions of law to which no response is required. Denies the fourth and fifth sentences. Denies the sixth

sentence, except to admit that a complete listing of each hospital in the group appeal is attached as Exhibit "A" to the Complaint served on the Secretary.

21. Denies.

22. Denies the first sentence. The second sentence contains Plaintiffs' characterization of the Administrative Procedure Act ("APA"), which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the APA, 5 U.S.C. §§ 701 et seq., for a complete and accurate statement of its contents. The third and fourth sentences contain Plaintiffs' characterization of a regulation, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents. The fifth sentence contains a conclusion of law to which no response is required. Denies the sixth sentence.

First Paragraph 23. Denies the first sentence. The remainder of this paragraph contains conclusions of law to which no response is required.

Second Paragraph 23. The first sentence contains a conclusion of law to which no response is required. The second sentence contains Plaintiffs' characterization of the Medicare statute, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a complete and accurate statement of its contents. Denies the third, fourth and fifth sentences.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent that a response may be required, Defendant denies that Plaintiffs are entitled to the relief requested or to any other relief from Defendant. All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby

generally denied as completely as if separately and specifically denied.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the administrative record.

                                        Respectfully submitted,

                                        /s/
                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        D.C. Bar No. 498610

                                        /s/
                                        CHARLOTTE A. ABEL
                                        Assistant United States Attorney
                                        D.C. Bar No. 388582
                                        Judiciary Center Building
                                        555 4th St., N.W., Room 10-106
                                        Washington, D.C. 20530
                                        (202) 307-2332

                                        /s/
                                        PAUL E. SOEFFING
                                        Attorney
                                        D.C. Bar No. 459480
                                        U.S. Department of Health and Human Services
                                        Office of the General Counsel
                                        Centers for Medicare & Medicaid Services Division
                                        Room C2-05-23
                                        7500 Security Boulevard
                                        Baltimore, Maryland 21244-1850
                                        410-786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel

LAWRENCE J. HARDER
Acting Deputy Associate General
 Counsel for Litigation

United States Department of
 Health and Human Services