UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ST. MICHAEL'S MEDICAL CENTER,
et al.,

Plaintiffs,

v.

CHARLES E. JOHNSON,
Acting Secretary, United States Department
of Health and Human Services,

Defendant.

Civil Action No.  07-1484
consolidated with  07-2036
EGS/DAR

**REPORT AND RECOMMENDATION**

Plaintiffs' Motion for Summary Judgment (Document No. 18), and Defendant's Motion

for Summary Judgment (Document No. 20) are pending for consideration by the undersigned.

Upon consideration of the pleadings (Document Nos. 1, 11); the pending motions; the

memoranda in support thereof and in opposition thereto (Document Nos. 21, 22, 23, 26, 27); the

administrative record (*see* Document No. 5) and the entire record herein, the undersigned

recommends that both motions be denied without prejudice, and that this action be remanded for

further administrative proceedings consistent with the instant Report and Recommendation.

## I.  BACKGROUND

### *The Parties' Contentions*

Plaintiffs are twenty-two hospitals "from multiple urban Metropolitan Statistical Areas

(as defined by the Executive Office of Management and Budget)."  Complaint, ¶ 4.  Plaintiffs

"ask the Court to decide questions of law that the Board found that it did not have the authority

to decide, and to determine thereby the merits of their claims for additional Medicare

payments[]" (*id.* at 3-4) (unnumbered paragraph); however, Plaintiffs characterize their action as

one "seeking additional payments from the Medicare program under its prospective payment

system because of an incorrectly calculated wage index for the Providers for federal fiscal year

2001 (October 1, 2000 - September 30, 2001) which includes Provider fiscal years ending

September 30, 2001 and December 31, 2001."  Complaint, ¶ 6.  As relief, Plaintiffs ask, *inter*

*alia,* "[t]hat this Court require that the wages, fringe benefits, and hours of all reclassified

hospitals located in the Providers' Metropolitan Statistical Area be included in the computation

of the wage index for the Plaintiffs for federal fiscal year 2001 which would result in an increase

of collective reimbursement of approximately $23,956,069[.]"  *Id.* at 14 (unnumbered

paragraph).

        Defendant, the Secretary of Health and Human Services, in his Answer, asks that the

court "affirm[] the validity of the challenged agency action[]" and enter judgment dismissing this

action with prejudice.  Answer (Document No. 11) at 5 (unnumbered paragraph).

        ***Statutory and Regulatory Framework***

        This action arises under Title XVIII of the Social Security Act, more commonly known as

the Medicare Act, a statutory scheme by which Congress established a federally funded health

insurance program for the elderly and disabled.  *See* 42 U.S.C. §§ 1395 *et seq*.  The program is

administered by Centers for Medicare and Medicaid Services ("CMS"), formerly the Health Care

Financing Administration ("HCFA"),[1] at the direction of the Secretary of the United States

Department of Health and Human Services ("Secretary").   At issue in this action are provisions

of the program which govern the cost reimbursements to providers of service ("Providers")

rendering inpatient medical services.   *See* 42 U.S.C. § 1395ww.   Specifically, the controverted

statute provides:

> [T]he Secretary shall adjust the proportion (as estimated by the
> Secretary from time to time of hospitals' costs which are
> attributable to wages and wage-related costs, of the [diagnostic-
> related group] prospective payment rates computed under
> subparagraph (D) for area differences in hospital wage level by a
> factor (established by the Secretary reflecting the relative hospital
> wage level in the geographic area of the hospital compared to the
> national average hospital wage level.

42 U.S.C. § 1395ww(d)(3)(E).

## II.  STANDARD OF REVIEW

### *Motions for Summary Judgment*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be

granted if the pleadings on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).   Material facts are those that "might affect the outcome of the suit under the

governing law."   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).   There is a genuine

issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the

non-moving party."   *Id.*   In considering a motion for summary judgment, all evidence and

inferences to be drawn from the underlying facts must be viewed in the light most favorable to

---

[1] Any references to HCFA in cited regulations or the administrative record refers to the entity now known as CMS.

the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).  "Additionally, 'in ruling on cross-motions for summary judgment, the court shall

grant summary judgment only if one of the moving parties is entitled to judgment as a matter of

law upon material facts that are not genuinely disputed.'" *American Cargo Transport, Inc. v.

Natsios*, 429 F. Supp. 2d 139, 145 (D.D.C. 2006) (quoting *Petchem, Inc. v. United States,* 99 F.

Supp. 2d 50, 54 (D.D.C. 2000)) (citations omitted).  "In a case involving review of a final agency

action under the Administrative Procedure Act, 5 U.S.C. § 706, however, the standard set forth in

Rule 56(c) does not apply because of the limited role of a court in reviewing the administrative

record."  *Baystate Med. Ctr. v. Leavitt*, 545 F. Supp. 2d 20, 34-35 (D.D.C. 2008) (citations

omitted).

### Judicial Review of Secretary's Decision Pursuant to the Administrative Procedure Act

Judicial review of Medicare reimbursement disputes is governed by the standards set

forth in the Administrative Procedure Act ("APA").  42 U.S.C. § 1395oo(f)(1); *see also* 5 U.S.C.

§ 706.  To the extent necessary, "the reviewing court shall decide all relevant questions of law,

interpret constitutional and statutory provisions, and determine the meaning or applicability of

the terms of an agency action."  5 U.S.C. § 706.  Further, "[t]he reviewing court shall . . . hold

unlawful and set aside agency action, findings, and conclusions found to be without observance

of procedure required by law, unsupported by substantial evidence, arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  "Generally,

an agency's decision is arbitrary and capricious 'if the agency . . . entirely failed to consider an

important aspect of the problem, offered an explanation for its decision that runs counter to

evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154, 157 (D.D.C. 2008) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)) (internal citations omitted).  "As long as an agency has examined the relevant data and articulated a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made, courts will not disturb the agency's action." *Heartland Reg'l Med. Ctr. v. Leavitt,* 511 F. Supp. 2d 46, 51 (D.D.C. 2007) (citing *Motor Veh. Mfrs. Ass'n,* 463 U.S. at 43).   The scope of review of an agency decision accordingly is narrow, and a federal court is not to substitute its judgment for that of the agency.  *See Orion Reserves Ltd. P'ship v. Salazar*, 553 F.3d 697, 706 (D.C. Cir. 2009) (citations omitted).  When reviewing an administrative decision, "the burden of showing that the agency action violates the APA standards falls on the provider."  *Heartland*, 511 F. Supp. 2d at 51(citing *Diplomat Lakewood Inc. v. Harris*, 613 F.2d 1009, 1018 (D.C. Cir. 1979)) (citation omitted).

    "The Supreme Court set forth a two-step approach to determine whether an agency's interpretation of a statute is valid under the APA.  *Quantum Entertainment, Ltd v. U.S. Dep't of the Interior*, No. CIV.A.07-1295, 2009 WL 401871, at *4 (D.D.C. Feb. 19, 2009) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984)).  Application of the "*Chevron* deference" standard "requires the court to first look to 'whether Congress has spoken to the precise question at issue.'  If so, the court ends its inquiry.  But, if the statute is ambiguous or silent, the second step requires the court to defer to the agency's position, as long as it is 'based on a permissible construction of the statute.'"  *Id*.  (internal citation omitted).  The Secretary's interpretation of his own regulations is entitled to "substantial deference[,]" and

"must be given controlling weight unless it is plainly erroneous or inconsistent with the

regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (citation omitted).

"Where the regulations involve a complex, highly technical regulatory program such as

Medicare, broad deference is 'all the more warranted.'"  *St. Anthony's Health Ctr. v. Leavitt,* 579

F. Supp. 2d 115, 119 (D.D.C. 2008) (quoting *Thomas Jefferson Univ.,* 512 U.S. at 512) (internal

quotations omitted).

## III.  DISCUSSION

         Consideration of the parties' motions for summary judgment, in accordance with the

principles of *Chevron* deference, requires, in the first instance, review of the agency's final

action.  However, in this action, there is no "final action" which can be reviewed.  The

undersigned finds that the absence of reviewable "final action" is not, as Plaintiffs suggest, a

function of the Board's determination that it did not have the authority to decide "questions of

law" (*see* Complaint ¶ 1);[2] rather, the impediment is the absence from the administrative record

of any indication of how CMS interpreted and applied 42 U.S.C. § 1395ww(d)(3)(E).  Put

another way, the Board's acquiescence in Plaintiffs' contention that their appeal presented an

issue of law to be certified for expedited judicial review is not probative of what factors CMS

considered–or declined to consider–in making the adjustment which is the subject of 42 U.S.C. §

1395ww(d)(3)(E).  In the absence of any record in the administrative record of what

determination CMS made with respect to the adjustments, and what factors were considered in

making such adjustments, the court has no basis upon which to determine whether CMS's

---

[2]  The Board's unexplained acquiescence in Plaintiffs' characterization of the issue presented as a "question[] of law" is entirely "conclusory [and] unsupported[,]" and the court need not defer to it.  *See Baystate Med. Ctr. v. Leavitt,* 587 F. Supp. 2d 37, 43 (D.D.C. 2008) (citations omitted).

determinations were contrary to law, or otherwise arbitrary and capricious.

The undersigned has reviewed the four-volume, approximately 1100-page administrative record[3] in an effort to find a record of the extent to which [CMS] considered–or excluded from consideration–"the wage, fringe benefit, and hour data of reclassified hospitals located in the Providers' Metropolitan Statistical Area for purposes of calculating the Providers' federal fiscal year 2001 and 2000 wage index and Geographic Adjustment Factor."  *See* Plaintiffs' Statement of Material Facts as to Which There is No Genuine Issue ("Plaintiffs' Statement") (Document No. 18), ¶ 3.  The records of the determinations for each hospital consist entirely of a one-page "Final Medicare (Title XVIII) Settlement" spreadsheet.[4]  Even the most specific of these includes no information, on the spreadsheet or elsewhere, which indicates how the figures recorded on the spreadsheets were derived.[5]  In this context, the characterization of the issue "questions of law" (*see* Complaint at 3) is premature.  *See, e.g., Baystate*, 587 F. Supp. 2d at 38 (remand warranted where aspects of the Secretary's decision were "inadequately explained"); *see id*. at 42-43 (in its application of the deferential APA standard of review, "the [court] must be satisfied that the agency has 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'") (citations and internal quotations omitted); *see also Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8,14 (D.D.C. 2004) ("in a case involving APA-based judicial review . . . if the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to

---

[3]  *See* Administrative Record, [Civil Action] No. 1:07-cv-0148[4] ("2001 A.R."); *see also* Administrative Record, [Civil Action] No. 1:07-cv-02036 ("2000 A.R.").

[4]  *See* [Plaintiffs'] Final Position Paper and Schedule of Providers with Exhibits, 2001 A.R. 82 - 417; *see also* [Plaintiffs'] Revised Schedules of Providers with Exhibits 1A-22G, dated October 24, 2007, 2000 A.R. 9 - 445.

[5]  *See* 2000 A.R. 631.

the agency for additional investigation or explanation.") (citations and internal quotations

omitted).[6]

      This court recently observed that "administrative procedures exist precisely so that the

agency with expertise in matters such as reimbursement may be given an opportunity to correct

errors made by the intermediary." *Bradley Mem'l Hosp. v. Leavitt,* Civ.A.No. 04-0416, 2009

WL 504681, at *8 (D.D.C. March 2, 2009).  While that observation was made in the context of

consideration of whether mandamus was an appropriate remedy where the providers had not

pursued their administrative remedies, the undersigned finds that it is equally apt here.

Calculation by the court of reimbursement rates applicable to the twenty-two providers who are

the Plaintiffs in this action would require a virtually trial-like proceeding for the resolution of the

disputed factual issues.  *See, e.g.,* Plaintiffs' Statement, Defendant's Statement of Material Facts

as to Which There is No Genuine Issue (Document No. 20), Defendant's Response to Plaintiffs'

Statement of Material Facts as to Which There is No Genuine Issue (Document No. 20-3),

Defendant's Local Rule 7(H) [sic] Statement of Genuine Issues of Fact in Support of Defendant's

Opposition to Plaintiffs' Motion For Summary Judgment (Document No. 26).  Such a proceeding

would be inimical to the principles of *Chevron* deference.  No authority supports the proposition

that the court may–as Plaintiffs request–simply "require that the wages, fringe benefits, and hours

of all reclassified hospitals located in the Providers' Metropolitan Statistical Area be included in

---

      [6]  The undersigned is mindful that in a recent action in which the same statutory provision was at issue, the court reviewed the final action of the Secretary, and ultimately determined that the final action of the Secretary was arbitrary and capricious.  *See Anna Jacques Hospital v. Leavitt,* 537 F. Supp. 2d 24, 28 (D.D.C. 2008).  In *Anna Jacques Hospital,* the court did not address the issue of the sufficiency of the administrative record; however, the court apparently found that in that case, the administrative record–unlike the administrative record in the instant action–included a record that the Secretary had, in fact, excluded the data which was the subject of the action.  *Id.* at 34 ("[T]he Secretary excluded wage data of hospitals that had converted to [critical access hospital] status[.]").  The undersigned has no basis for making such a finding in this instance.

St. Michael's Medical Center, et al. v. Johnson                                                    9

the computation of the wage index" and award "an increase of collective reimbursement of

approximately $23,956,069[.]" Complaint at 14.


**CONCLUSION**

For the foregoing reasons, it is, this 19th day of March, 2009,

**RECOMMENDED** that both motions for summary judgment be **DENIED,** and that this

action be remanded to the Secretary for the articulation of findings, as to each provider

which is a Plaintiff in this action, with respect to what "adjustment" was made pursuant to

42 U.S.C.§ 1395ww(d)(3)(E); and it is

**FURTHER RECOMMENDED** that these consolidated actions be dismissed.[7]




_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge




**Within ten days of the filing of the instant report and recommendation, either party may file
written objections.  Such objections shall identify with specificity the portions of the findings and
recommendations to which objection is made, and the basis for the objection.  In the absence of
timely objections, further review of issues addressed herein may be deemed waived.**

---

[7] *See Baystate*, 587 F. Supp. 2d at 41 (the norm with respect to remand is that court does not retain
jurisdiction over the remand proceedings) (citations omitted).